BARNES, IACCARINO & SHEPHERD, LLP
258 Saw Mill River Road
Elmsford, NY 10523
(914) 592-1515
Lauren Kugielska

SLEVIN & HART, P.C.
1625 Massachusetts Avenue NW, Suite 450
Washington D.C. 20036
(202) 797-8700
Sarah G. Naji*

Attorneys for Plaintiff
Board of Trustees of Local 888 Pension Fund

*Ms. Naji will make application
for admission *pro hac vice*.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

----------------------------------------------------------------x
BOARD OF TRUSTEES, LOCAL 888
PENSION FUND,

                Plaintiff,          **COMPLAINT**

    v.

                                     Civil Action No. _____

FIXTURE HARDWARE MFG. CORP.,

                Defendant.
----------------------------------------------------------------x

       Plaintiff, Board of Trustees of Local 888 Pension Fund, by counsel, hereby complains of Defendant, as follows:

### Introduction

    1.    This is a suit by and on behalf of the Board of Trustees of Local 888 Pension Fund (the "Fund") against Fixture Hardware Mfg. Corp. ("Fixture") brought under the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.* The Fund seeks a judgment awarding withdrawal liability, interest, liquidated damages and attorneys' fees and costs under ERISA, as well as injunctive relief compelling Defendant's response to the Fund's request for a complete itemization of each trade or business under common control.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action under Sections 502, 515, and 4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145 and 1451(c).

3. Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Fund is administered at its principal place of business in East Rutherford, New Jersey.

### Parties

4. The Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3), that provides retirement benefits to eligible participants.

5. The Fund is administered at 160 East Union Avenue, East Rutherford, New Jersey, 07073.

6. The Board of Trustees is the fiduciary of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21). Pursuant to Sections 502(a)(3), 515, 4221(d), and 4301(a)(1) and (b) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145, 1401(d), and 1451(a)(1) and (b),

the Board of Trustees is authorized to bring this action on behalf of the Fund, its participants and beneficiaries, for the purpose of collecting withdrawal liability.

7. At all times pertinent to this action, Defendant has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

8. At all times pertinent to this action, Defendant has been a New York corporation with a principal place of business located at 4116 First Avenue, Brooklyn, New York, 11232.

### Factual Allegations in Support of Relief Sought

9. The Fund incorporates the foregoing paragraphs as if fully stated herein.

10. Until its withdrawal from the Fund on or about October 30, 2015, Defendant employed employees represented for the purposes of collective bargaining by Local 888, UFCW ("Local 888"), a labor organization representing employees in an industry affecting interstate commerce.

11. At all times pertinent to this action, Defendant was signatory and bound by a collective bargaining agreement with Local 888 (the "CBA").

12. Pursuant to the CBA, and at all times pertinent to this action, Defendant was obligated to contribute to the Fund on behalf of its covered employees.

13. Pursuant to the CBA, and at all times pertinent to this action, Defendant was obligated to abide by the terms and conditions of the Agreement and Declaration of Trust establishing the Fund and any amendments thereto ("Trust Agreement") and any rules and policies adopted by the Board of Trustees pursuant to the Trust Agreement. Defendant also was obligated to submit monthly reports and contributions to the Fund.

14. The Fund determined that, on or about October 30, 2015, Defendant effected a "complete withdrawal" from the Fund, as said term is defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

15. The Fund also determined that, as a result of this complete withdrawal, Defendant incurred withdrawal liability to the Fund in the amount of $1,699,833.00, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

16. On or about April 5, 2016, Defendant received a Notice and Demand for payment of withdrawal liability with a payment schedule issued by the Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

17. This Notice and Demand for payment informed Defendant that its withdrawal liability was $1,699,833.00, payable according to the schedule contained therein in 80 quarterly payments of $5,975.92. Under the Notice and Demand and payment schedule, the first payment was due to the Fund by June 1, 2016, with subsequent payments made quarterly thereafter.

18. The Notice and Demand also requested that Defendant furnish to the Fund, within thirty (30) days, a complete list of each trade or business under "common control" as defined by ERISA Section 4001(b), 29 U.S.C. § 1301(b).

19. Defendant did not make the first required payment or any payment thereafter, nor did it respond to the Fund's request for this information, in violation of Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

20. On July 11, 2016, the Fund's counsel sent Defendant a letter by certified mail notifying Defendant that it was delinquent in making its first quarterly withdrawal liability payment and that it would be in default within the meaning of ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), if it did not cure the delinquency within 60 days from receipt of the

letter ("Default Letter"). The Default Letter was returned to Fund's counsel marked "Refused," even though it was sent to the same address as the Notice and Demand, which was accepted.

21. On or about August 12, 2016, the Fund's counsel sent Defendant the Default Letter by regular mail. The Default Letter was not returned as undeliverable.

22. Neither Defendant, nor any other trade or business under common control with Defendant, has paid any of the withdrawal liability that is owed to the Fund.

23. Neither Defendant, nor any other trade or business under common control with Defendant, has initiated arbitration of the withdrawal liability assessment within the time period specified in Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1) and are now precluded from doing so.

## Count I

### (For Delinquent Withdrawal Liability)

24. The Fund incorporates the foregoing paragraphs as if fully stated herein.

25. Defendant has failed to make the required withdrawal liability payments due to the Fund, despite its obligation to do so under the CBA and Sections 515 and 4219(c) of ERISA, 29 U.S.C. §§ 1145 and 1399(c).

26. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

27. Defendant is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A) and 29 C.F.R. § 4219.33, and the full amount of the withdrawal liability is now due and owing.

28. By the foregoing conduct, Defendant has violated Sections 515 and 4219(c) of ERISA, 29 U.S.C. §§ 1145 and 1399(c), and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for withdrawal liability in the amount of $1,699,833.00; interest on the withdrawal liability at the Fund's interest rate for delinquent withdrawal liability payments of 6% per annum; an amount equal to the greater of the foregoing accrued interest or liquidated damages equal to twenty (20%) percent of the withdrawal liability; and the attorneys' fees and costs incurred by the Fund in collection of the delinquent withdrawal liability, including the attorneys' fees and costs of this action.

## Count II

### (For Injunctive Relief Under ERISA § 502(a)(3)(A))

29. The Fund incorporates the foregoing paragraphs as if fully stated herein.

30. ERISA Section 502(a)(3)(A), 29 U.S.C. § 1132(a)(3)(A), permits a plan fiduciary to bring an action "to enjoin any act or practice which violated any provision of this title or the terms of the plan."

31. Defendant's failure to respond to the Fund's request for information by providing a complete list of each trade or business under "common control" is in violation of Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

32. Accordingly, the Fund is entitled to an injunction compelling Defendant's response to the Fund's request for a complete list of each trade or business under common control, as said terms is defined by ERISA Section 4001(b), 29 U.S.C. § 1301(b), with Defendant, as required by Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

WHEREFORE, the Fund requests a judgment against Defendant, for all amounts due to the Fund at the time this cause reaches judgment and other relief, to wit:

- 7 -

(a) A judgment against Defendant on behalf of the Fund, pursuant to Sections 502(g), 515, and 4219(c) of ERISA, 29 U.S.C. §§ 1132(g), 1145, and 1399(c), for:

    (i) Withdrawal liability in the amount of $1,699,833.00;

    (ii) Interest on the withdrawal liability accrued at the Fund's rate of 6% from the date of Defendant's first missed payment;

    (iii) An amount equal to the greater of interest accrued on the withdrawal liability or liquidated damages in the amount of twenty (20%) percent of the withdrawal liability; and

    (iv) The attorneys' fees and costs incurred by the Fund in the collection of the withdrawal liability, including the attorneys' fees and costs of this action;

(c) An injunction compelling Defendant's response to the Fund's request for a complete list of each trade or business under common control, as said terms is defined by ERISA Section 4001(b), 29 U.S.C. § 1301(b), with Defendant, as required by Section 4219(a) of ERISA, 29 U.S.C. § 1399(a); and

(d) Such further or different relief as this Court may deem proper and just.

Dated: November 18, 2016            Respectfully submitted,

                                             /s/ Lauren Kugielska
                                             Lauren Kugielska
                                             BARNES, IACCARINO & SHEPHERD, LLP
                                             Attorney for Plaintiff

20453788v2