NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOARD OF TRUSTEES, LOCAL 888 PENSION FUND,<br><br>*Plaintiff,*<br><br>v.<br><br>FIXTURE HARDWARE MFG. CORP.,<br><br>*Defendant.* | Civil Action No. 16-8629<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff Board of Trustees, Local 888 Pension Fund's (the "Fund" or "Plaintiff") unopposed motion for default judgment against Defendant Fixture Hardware Manufacturing Group under Fed. R. Civ. P. 55(b). D.E. 14. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

## II. FACTS[1] AND PROCEDURAL HISTORY

The Fund brings this action against Defendant alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C.§ 1001, *et seq*. Compl. ¶ 1 (D.E. 1). The Fund seeks to recover amounts due for withdrawal liability, interest, liquidated damages, attorneys' fees, and costs, as well as injunctive relief compelling Defendant to respond to the Fund's request for a complete itemization of each trade or business under common control with Defendant. *Id.*

Prior to October 30, 2015, Defendant employed members of Local 888, UFCW ("Local 888"). *Id.* ¶ 10. Local 888 and Defendant were part of a collective bargaining agreement that required Defendant to contribute to the Fund on behalf of its covered employees. *Id.* ¶¶ 11-12.

On October 30, 2015, the Fund determined that Defendant effected a "complete withdrawal" from the Fund. *Id.* ¶ 14 (citing 29 U.S.C. § 1383). The Fund determined that the complete withdrawal caused Defendant to incur liability to the Fund in the amount of $1,699,833.00. *Id.* ¶ 15. On April 5, 2015, the Fund sent Defendant a notice and demand for payment of the withdrawal liability through eighty quarterly payments of $5,975.92. *Id.* ¶¶ 16-17. The notice and demand stated that the first payment was due to the Fund by June 1, 2016, with subsequent payments made quarterly thereafter. *Id.* ¶ 17. The notice and demand also requested that Defendant furnish to the Fund, within thirty days, a complete list of each trade or business under "common control" with Defendant, as defined by 29 U.S.C. § 1391(b) of ERISA. *Id.* ¶ 18.

---

[1] The facts of this matter derive from the Complaint as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment.

Defendant did not respond to the Fund's request for this information nor did it make the first scheduled payment, or any payment thereafter. *Id.* ¶ 19.

On July 11, 2016, the Fund's counsel sent Defendant a letter by certified mail stating that Defendant was delinquent in making its first quarterly withdrawal liability payment and that it would be in default if it fails to cure the delinquency within sixty days from receipt of the letter. *Id.* ¶ 20. The letter was returned and marked as "refused." *Id.* On August 12, 2016, the Fund's counsel re-sent the letter by regular mail. *Id.* ¶ 21. The letter was not returned as undeliverable. *Id.* To date, Defendant has not paid any of the withdrawal liability or initiated arbitration to dispute the amount owed. *Id.* ¶¶ 22-23.

The Fund filed a two-count Complaint against Defendant alleging damages for withdrawal liability and seeking injunctive relief. Defendant did not respond to the Complaint and default was entered. The Fund then filed this motion for default judgment.

### III. LAW AND ANALYSIS

#### A. Standard of Review

"Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

3

Prior to entering a default judgment, the court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

### B. Jurisdiction and Service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

#### i. Subject Matter Jurisdiction

"Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331 . . . ." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[A] claim arises under federal law if federal law creates the cause of action." *Empire*

*Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 706 (2006) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

Here, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this matter concerns a federal question arising under ERISA. In particular, Plaintiff seeks to recover delinquent withdrawal liability payments pursuant to 29 U.S.C. § 1145 and seeks equitable relief under 29 U.S.C. § 1132(a)(3)(A) and 29 U.S.C. § 1399(a).

ii. **Personal Jurisdiction and Proof of Service**

Section 4301(d) of ERISA provides the method for establishing personal jurisdiction and serving a defendant. It states that an action "may be brought in the district where the plan is administered or where a defendant resides or does business, and process may be served in any district where a defendant resides, does business, or may be found." 29 U.S.C. § 1451(d). Here, the Court has personal jurisdiction over Defendant because the Fund's plan is administered in New Jersey. Compl. ¶ 3.

Additionally, service was properly effected upon Defendant. Federal Rule of Civil Procedure 4(h)(1)(B) provides that a corporation may be served by delivering a copy of the summons and complaint to an "agent authorized by appointment or by law to receive service of process." The New York Secretary of State is an authorized agent to receive service on behalf of New York corporations. N.Y. Bus. Corp. Law § 306. Defendant is registered as a New York corporation. Compl. ¶ 8. Plaintiff's process server delivered the Summons and Complaint to the New York Secretary of State. D.E. 12. Therefore, Defendant was properly served.

C. **Sufficiency of Causes of Action**

Next, the Court must determine whether Plaintiff's allegations plausibly plead valid causes of action under ERISA and the MPPAA. Plaintiff alleges a cause of action for complete

5

withdrawal liability and that Defendant is obligated to respond to the Fund's request for a complete list of each trade or business under common control.

29 U.S.C. § 1145 provides that all employers who are "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." "An action to recover withdrawal liability is treated in the same matter as a delinquent contribution matter under 29 U.S.C. § 1145." *Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Bellezza Co.*, 57 F. App'x 972, 975 (3d Cir. 2003).

A complete withdrawal takes place when an employer "(1) permanently ceases to have an obligation to contribute under the plan, or (2) permanently ceases all covered operations under the plan." *Einhorn v. J & S, Inc.*, 577 F. Supp. 2d 752, 760 (D.N.J. 2008) (quoting 29 U.S.C. § 1383(a)). When an employer withdraws from a plan, the trustee "is to notify the employer of the amount of the liability and schedule for liability payments and demand payment in accordance with such schedule." *Id.* (citing 29 U.S.C. § 1399(b)(1)). "Thereafter, the employer may within 90 days ask the trustees to conduct a reasonable 'review' of the computed liability." *Flying Tiger Line v. Teamsters Pension Tr. Fund of Phila.*, 830 F.2d 1241, 1244 (3d Cir. 1987) (citing 29 U.S.C. § 1399(b)(2)(A)(i)). If the parties cannot agree on the amount owed, "either party may initiate arbitration proceedings." *Id.* If arbitration is not commenced within the specified statutory period, "then the amounts demanded by the plan sponsor shall be due and owing pursuant to the plan's schedule, and the plan sponsor may bring an action to collect payment in state or federal court." *Einhorn*, 577 F. Supp. 2d at 760; *see also Teamsters Pension Tr. Fund of Phila. & Vicinity v. Domenic Cristinzio, Inc.*, 994 F. Supp. 617, 621 (E.D. Pa. 1998) ("When an employer ignores its

6

arbitration rights, [the] MPPAA unambiguously provides that the liability is fixed and the employer's right to dispute the assessment is waived."). "A fund's subsequent suit to compel payment will succeed if the plan sponsor demonstrates that the plan made a demand for interim payments under 29 U.S.C. § 1382 and that payments were not made." *Einhorn v. Klayman Produce Co.*, No. 13-1720, 2013 WL 6632521, at *3 (E.D. Pa. Dec. 17, 2013) (internal quotation marks omitted). The purpose of this procedure is to facilitate the MPPAA's goal of "bring[ing] about fast and efficient resolution to disputes over withdrawal liability." *Einhorn*, 577 F. Supp. 2d at 760.

Here, Plaintiff plausibly pleads a cause of action for withdrawal liability. Plaintiff alleges that on October 30, 2015, Defendant effected a complete withdrawal resulting in withdrawal liability of $1,699,833.00 owed to the Fund. The Fund's counsel provided a notice and demand to Defendant for payment of the withdrawal liability in eighty quarterly payments of $5,975.92. After Defendant did not make any payments to the Fund, the Fund's counsel notified Defendant that it would soon be in default. Still, Defendant made no payments and did not request to arbitrate the amount owed. Defendant's failure to contest the withdrawal liability renders the amount "due and owing on the schedule set forth by the plan sponsor." 29 U.S.C. § 1401(b)(1). Therefore, Plaintiff states a valid cause of action against Defendant.

Plaintiff also pleads a plausible cause of action for equitable relief for Defendant's failure to comply with 29 U.S.C. § 1132(a)(3)(A). This provision provides that a fiduciary of a plan may "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan." Additionally, 29 U.S.C. § 1399(a) states that "[a]n employer shall, within 30 days after a written request from the plan sponsor, furnish such information as the plan sponsor reasonably determines to be necessary to enable the plan sponsor to comply with the requirements of this

part." Here, Plaintiff's notice and demand requested that Defendant provide to the Fund, within thirty days, "a complete list of each trade or business under 'common control'" as defined by 29 U.S.C. § 1399(a). This information is necessary to determine whether any other entities are jointly and severally liable for Defendant's withdrawal liability. *See* 29 U.S.C. § 1301(b)(1). Defendant failed to provide Plaintiff with this information. Therefore, Plaintiff plausibly pleads a cause of action under 29 U.S.C. § 1132(a)(3)(A) and 29 U.S.C. § 1399(a).

### D. Damages

Plaintiff seeks four types of damages totaling $2,136,165.15. These damages include (1) $1,699,833.00 in principal withdrawal liability, (2) $79,124.74 in interest on the withdrawal liability, (3) $339,966.60 in liquidated damages, and (4) $17,240.81 in attorneys' fees and costs. D.E. 14-1 at 4-5. The Court finds that Plaintiff has submitted adequate proof of damages for withdrawal liability, interest on withdrawal liability, liquidated damages, and costs, but not as to attorneys' fees.

The Fund sent a notice and demand to Defendant stating that $1,699,833.00 was owed in withdrawal liability. Declaration of Rosalba Perez-Pena[2] ("Perez-Pena Decl.) ¶ 8 (D.E. 14-5). Defendant did not contest or respond to this demand. Pursuant to 29 U.S.C. § 1401(b)(1), Defendant's failure to contest the amount owed or request arbitration renders the amount to "be due and owing on the schedule set forth by the plan sponsor." *See also Bd. of Trustees of Trucking Emps. of N. Jersey Welfare Fund, Inc.-Pension Fund v. Kero Leasing Corp.*, 377 F.3d 288, 313 n.5 (3d Cir. 2004) ("An employer will waive its statutory rights to dispute aspects of the Fund's liability determination where arbitration is not demanded within the time period prescribed by the

---

[2] Rosalba Perez-Pena is the Director of the Fund and responsible for overseeing its administration.

8

statute."). Therefore, Plaintiff has provided adequate proof that Defendant owes $1,699,833.00 in withdrawal liability.

Plaintiff has also demonstrated that Defendant owes $79,124.74 in interest and $339,966.60 in liquidated damages. Pursuant to 29 U.SC. § 1132(g), a plaintiff recovering for withdrawal liability is entitled to interest on the unpaid contributions, in addition to liquidated damages. Liquidated damages may be recovered in an amount up to 20% of the principal of the withdrawal liability due. *Id.* When there is a judgment entered in favor of the plan, these remedies are mandatory. *Id.*; *see also Klayman Produce*, 2013 WL 6632521, at *5. Here, the Fund's collection policy indicates that there is a 6% interest rate on delinquent contributions not paid within 30 days of the due date. Perez-Pena Decl. ¶ 18. According to the Fund administrator's calculations, $79,124.74 is due in accrued interest as of the date this motion was filed. *Id.* ¶ 21. Thereafter, $277.63 continues to accrue until the date of a judgment. *Id.* Additionally, the Fund administrator certified that $339,966.60 -- 20% of the principal withdrawal liability -- is due in liquidated damages. *Id.* The Court finds that Plaintiff has submitted adequate proof of damages for interest and liquidated damages. *See Riccelli Premium Produce*, 2011 WL 1114175, at *4 ("Unpaid contributions, interest, and liquidated damages generally are considered 'sums certain' pursuant to the calculations mandated in ERISA and the parties' contractual agreements.").

Finally, the Court addresses Plaintiff's request for attorneys' fees and costs. ERISA provides that a judgment in favor of the plan requires the defendant to pay the plan's "reasonable attorneys' fees and costs of the action." 29 U.S.C. § 1132(g)(2)(D). Here, Plaintiff submitted the declaration of counsel in support of its request for fees and costs. The declaration provides the names of the attorneys who performed work on this matter, their position in the firm, hours billed, and their rates. Critically, however, the declaration does not specify any of the tasks completed

by the attorneys. This flaw requires the Court to deny Plaintiff's request for attorneys' fees. *See United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007) ("A request for fees must be accompanied by 'fairly definite information as to hours devoted to various general activities, *e.g.*, partial discovery, settlement negotiations, and the hours spent by various classes of attorneys.'" (quoting *Evans v. Port Auth.*, 273 F.3d 346, 361 (3d Cir. 2001))). Within fourteen days of this Opinion, Plaintiff may supplement the record by submitting an affidavit adequately describing the tasks performed by each attorney on this matter.

As to costs, Plaintiff provides a breakdown of the amount that was spent on each item. The Fund incurred $1,132.81 total in costs. The Court finds this amount reasonable and awards costs in favor of Plaintiff.

### E. Default Judgment

"Before imposing the extreme sanction of default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *4 (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)).

Here, all three factors weigh in favor of entering default judgment. First, considering that Defendant has not responded in this matter, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Additionally, there is nothing on the face of the Complaint indicating that a meritorious defense is available. Defendant ceased making contributions to the Fund without providing any reason whatsoever. Second, Plaintiff has been prejudiced by Defendant's failure to answer. Without a default judgment, "Plaintiff has no other means of

seeking damages for the harm allegedly caused by Defendant." *Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Lastly, Defendant's failure to answer, without providing any reasonable explanation, demonstrates its culpability in the default. *See Days Inns Worldwide, Inc. v. Mangur LLC*, No. 15-2027, 2016 WL 845141, at *4 (D.N.J. Mar. 4, 2016).

For those reasons, the Court finds that default judgment is warranted.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment is granted in part and denied in part. Plaintiff is awarded damages for withdrawal liability, interest, liquidated damages, and costs, but not attorneys' fees. The total award is $2,120,057.15, plus $277.63 per day from March 14, 2017 until the date of entry of judgment. Plaintiff is entitled to post-judgment interest accruing from the date of this Opinion at the appropriate rate pursuant to 28 U.S.C. § 1961. Additionally, within thirty days, Defendant shall provide to Plaintiff a complete list of each trade or business under "common control" with Defendant, as defined by 29 U.S.C. § 1399(a). Finally, within fourteen days, Plaintiff may submit a supplemental declaration sufficiently describing the tasks performed to substantiate the $16,108.00 requested in attorneys' fees. An appropriate Order accompanies this Opinion.

Dated: August 22, 2017.

_____
John Michael Vazquez, U.S.D.J.